### JEFF COWDEN v. THE STATE.

#### No. 1951. Decided October 30, 1912.

**1.—Rape—General Reputation—Age—Evidence.**

Where, upon trial of rape, both mother and father testified positively as to the age of the prosecutrix, even though they testified differently thereto, it was reversible error to admit testimony that the witnesses were acquainted with the general reputation of the prosecuting witness in the community where she lived as to her age and this was that she was only thirteen years of age.

**2.—Same—Rule Stated—Proof of Age—Hearsay.**

In a proper case, where the mother and father are dead or beyond the jurisdiction of the court and the age of the prosecutrix is an issue, hearsay testimony is admissible if based on statements of the father and mother or other near relatives or persons who were in position to know; but not in a case where the parents have testified positively as to such age.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham,* for appellant.—On question of general reputation of age of prosecutrix: Sims v. State, 70 S. W. Rep., 90.

As to rule to prove age, death, pedigree, etc.: 1 Ency. Ev., 735; Tull v. State, 55 S. W. Rep., 61; Donley v. State, 44 Texas Crim. Rep., 428; Sheppard v. State, 56 id., 604; Curry v. State, 50 id., 158; Knowles v. State, 44 id., 322; Rowan v. State, 57 id., 625; Simpson v. State, 46 id., 551; Tores v. State, 63 S. W. Rep., 880.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for and convicted of the offense of rape on a girl under fifteen years of age, and his punishment assessed at five years confinement in the penitentiary.

The defendant is shown to be a man fifty years of age, and a man of good reputation in the community where he lives—a peaceable, law-abiding citizen. He testifies most positively that he had never had intercourse with the prosecuting witness. She, on the other hand, is as emphatic that defendant had had intercourse with her on two or three different occasions. The record contains an admission by the State, that the general reputation of the prosecuting witness for chastity is bad. In addition to the above issue being sharply drawn,

the issue as to the age of the prosecuting witness was also a sharply contested issue. The State introduced testimony showing that the prosecuting witness was only thirteen years of age, while the defendant introduced testimony that she was more than fifteen years of age, was born on the 29th day of February, 1896—a leap year child as it is termed. The mother of the prosecuting witness and one brother testify to facts that would show her to be more than fifteen years of age at the time of the alleged offense, while her father and other witnesses would make her only thirteen years old. With the issue thus made, the court permitted the sheriff and deputy sheriff, over the protest and objection of defendant, to testify that "they were acquainted with the general reputation of the prosecuting witness in the community where she lives as to her age, and her general reputation was that she was only thirteen years of age." A proper bill of exceptions was reserved to the introduction of this testimony, and in his approval the court qualifies the bill in a way that emphasizes the error in admitting it, for by the qualification it is shown that both the father and mother of the girl were living and testified as to her age. In a proper case, where the mother and father are dead, or beyond the jurisdiction of the court, and age is an issue, hearsay testimony is admissible, if based on statements of the father and mother, or other near relatives, or persons who were in position to know. But in no instance where the mother and father and other relatives testify positively as to age, even though they testify differently, is the "general reputation as to age" admissible, and as this improper testimony was admitted on a vital issue in the case, it will necessitate a reversal of the case, and as the case will be reversed on this ground, it is not necessary to discuss the alleged newly discovered testimony. It will not be newly discovered on another trial. Neither do we deem it necessary to discuss the other grounds in the motion for new trial further than to say if the testimony on another trial is in substance the same as on this trial, the court should submit appellant's defense affirmatively, that is, unless they find beyond a reasonable doubt that prosecuting witness was under fifteen years of age at the date of the alleged offense appellant should be acquitted, for she, by her testimony, shows that the sexual intercourse, if had, was with her consent.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*